**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 8, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

v.

ANDREW W. MACDONALD;
SANDRA L. SHOEMAKER,

        Defendants - Appellants,

    and

HOPE ALLIANCE; PEACE
AWARENESS FELLOWSHIP;
STATE OF COLORADO,

        Defendants.

No. 16-1090
(D.C. No. 1:15-CV-02153-CMA)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **MORITZ**, Circuit Judges.

---

Appellants appeal the district court's entry of a default judgment against

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1. After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

them in this federal tax case. Appellants were served with the summons and complaint on October 2, 2015, but they did not appear or file a responsive pleading in the district court. Accordingly, on November 5, 2015, the United States moved for entry of default against Appellant. The clerk of the court entered default on November 6.

On December 8, 2015—well outside of the twenty-one-day period for them to file a responsive pleading under Rule 12(a)(1)(A) of the Federal Rules of Civil Procedure—Appellants each filed a document entitled "petition for abatement" in which they argued that they were "*de jure* private citizen[s] privately dwelling within the nation Colorado (republic)" and thus were not subject to the authority of the United States. (R. at 186, 191.) The district court concluded that Appellants had asserted only frivolous tax protester arguments and failed to articulate a meaningful defense to the motion for default judgment. The court therefore entered final judgment in favor of the United States.

On appeal, Appellants raise a hodgepodge of different arguments—challenges to the authority of the I.R.S., the government attorneys involved in this case, and the district court; attacks on the court's jurisdiction; arguments regarding the legality of the tax code and the validity of a tax assessment certified by an administrative technician; a contention that Appellants were unable to personally verify the district judge's credentials or have a literal "day in court" because at least one appellant "do[es] not possess a United States

-2-

*de facto* government identification" and therefore was not allowed to enter past the security counter at the courthouse (Br. at 4); and so forth. Most of these arguments were not raised below, and none of them has any legal merit.

The district court's judgment is therefore **AFFIRMED**.

ENTERED FOR THE COURT

Monroe G. McKay
Circuit Judge